PORTER SCREEN MANUFACTURING COMPANY, PLAINT-IFF AND RESPONDENT, v. UNITED CONTRACTORS COR-PORATION, DEFENDANT AND APPELLANT.

*Argued November 4, 1909—Decided July 22, 1910.*

When a judge in a District Court, sitting without a jury, found as a fact that a contract for work had been substantially completed in all important particulars, it was error to render a judgment for the full contract price, as the defendant was entitled to a de-duction of an amount sufficient to make the completion not merely substantial but entire.

On appeal from the Second District Court of Jersey City.

Before Justices REED, BERGEN and MINTURN.

For the plaintiff and appellee, *George D. Hendrickson.*

For the defendant and appellant, *Mark A. Sullivan.*

The opinion of the court was delivered by

REED, J.   This action was tried by the court without a jury. The demand was for amounts due from the defendant to the plaintiff on three contracts for the installation of window and outside screens in three different houses, each contract being for a distinct amount.

The first contract was for work to be done on the "Stewart" house, in Staten Island, for $191.   The court found that there

were some deficiencies in the work, and awarded the plaintiff on that contract $167.

The second contract was for work done on the "Kerr" house for the sum of $250. There were deficiencies in this work, and $200 having been paid, the plaintiff was awarded an additional amount of $36.

The third contract was for work on the "Orange Apartment House" for the sum of $950. Complaint was made at the trial that this work was not completed by the plaintiff. The plaintiff was allowed the remainder of the unpaid balance of the contract price.

The court entered judgment for a single sum of $453 and costs against the defendant. This included the reduced balance on the first two contracts and the entire balance on the third contract.

On the return of a rule to certify what facts he found respecting the completion of the work on the "Orange Apartment House," the court certified that it found that the contract had been substantially completed on the latter part of September or the early part of October, 1907, in all important particulars by the plaintiff, and that plaintiff, having substantially completed the contract, was entitled to recover the balance of $250 on this account.

While the substantial completion of the work gave the right to recover, it did not give the right to recover the full amount of the contract price, but only to recover that amount subject to a deduction of an amount sufficient to make the completion not merely substantial but entire. The mere fact that money was paid upon the contract price while the imperfections were evident, does not relieve the plaintiff from his duty to complete the contract himself, or to allow an amount for its completion.

The judgment below should be reversed.